Filed 9/30/13  Kansas City Art Institute v. Dodge CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KANSAS CITY ART INSTITUTE, | |
| Plaintiff and Respondent, | G047846 |
| v. | (Super. Ct. No. 30-2011-00495420) |
| KRISTINA DODGE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Chapin Fitzgerald, Kenneth M. Fitzgerald and Curtis G. Carll for Defendant and Appellant.

Baker & Hostetler and Ryan D. Fischbach for Plaintiff and Respondent.

\*          \*          \*

Plaintiff Kansas City Art Institute (KCAI or the institute) sued Kristina Dodge (Dodge) and her husband Lawrence K. Dodge (collectively, the Dodges) for failing to make good on their $5 million pledge to the institute.[1] KCAI obtained a default judgment. The trial court denied Dodge's motion for relief from default. We find the trial court did not abuse its discretion given the facts of this case and affirm.

I

FACTS

In July 2011, KCAI filed a complaint against the Dodges for breach of contract, alleging they made a pledge of $5 million to the institute pursuant to an irrevocable pledge agreement and failed to make good on the pledge. According to the 2005 agreement, the $5 million was to be contributed over an eight-year period. The complaint alleged the Dodges paid the first $1 million but refused to make the balance of the payments. The Dodges were personally served with the complaint on July 31, 2011.

Toward the end of August 2011, the Dodges attempted, without counsel, to apply for an extension of time to September 30, 2011, to file a responsive pleading. However, they mistakenly applied for an extension to respond to a *cross-complaint* and they failed to pay the required filing fee. It appears they also failed to serve KCAI with the application.

On September 6, 2011, KCAI requested entry of the Dodges' defaults. The clerk entered their defaults the same day. On September 14, 2011, the Dodges filed a handwritten request seeking confirmation that they had until September 30, 2011 to file an answer. The court denied the request because KCAI had not been timely served.

---

[1] Lawrence Dodge filed a petition in bankruptcy court and obtained a stay of the proceedings in superior court after the trial court denied the Dodges' motion to set aside the judgment. He is not a party to this appeal.

KCAI took the Dodges' depositions on September 28, 2011. On October 4, 2011, still not having answered the complaint, Lawrence Dodge e-mailed KCAI's attorney, stating that when he and Dodge had been in the attorney's office on September 28, they came to the opinion that as long as they were engaged in "constructive discussions" regarding settlement, they were not required to file an answer to the complaint. KCAI's attorney responded, stating, "On the chance that there was a sincere misunderstanding regarding your obligation to file a responsive document, we will not seek a default until Friday, October 7, 2011."

Approximately six weeks later, no answer having been filed, KCAI filed for a default judgment on November 23, 2011. On January 30, 2012, the court declined to enter judgment in KCAI's favor because the complaint did not allege the amount of the $5 million pledge then due and payable,[2] and as a result, the Dodges had not been put on notice as to how much of the $5 million was being sought by KCAI in the lawsuit.

KCAI thereafter filed a first amended complaint and request for a jury trial on February 14, 2012. That complaint was personally served on the Dodges on February 19, 2012. When the Dodges did not file an answer by March 22, 2012, KCAI again filed for entry of default, which the clerk entered that same day. The order to show cause regarding default judgment was scheduled for May 29, 2012.

Within a week of the scheduled hearing, the Dodges retained counsel and filed a substitution of attorney. The Dodges new counsel filed their response to the order to show cause, asking the court set aside their default and deny KCAI's request for judgment. On May 30, 2012, the court entered judgment on the first amended complaint in KCAI's favor in the amount of $3.3 million and awarded $545.99 in costs.

---

[2] The Dodges' pledge of $5 million was not due at one time. It was spread out over an eight-year period, with the last installment due on December 31, 2013. The complaint's prayer sought damages "according to proof."

3

The Dodges subsequently filed a motion to set aside the judgment. The court denied their motion, finding no mistake, surprise, or excusable neglect on their part. Dodge filed a timely notice of appeal.

II

DISCUSSION

"The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Code Civ. Proc., § 473, subd. (b); all statutory references are to the Code of Civil Procedure unless otherwise stated.) Relief under this section is discretionary (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 219) when the order sought to be vacated was not the fault of counsel (*Standard Microsystems Corp. v. Windbond Electronics Corp.* (2009) 179 Cal.App.4th 868, 894; § 473, subd. (b)).

We presume the trial court's order denying relief under section 473, subdivision (b) is correct, until such time as Dodge bears her burden of demonstrating otherwise. (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1398.) "The court's '"discretion is only abused where there is a clear showing [it] exceeded the bounds of reason, all of the circumstances being considered."' [Citation.]" (*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 332.)

Dodge does not contend the judgment was obtained as a result of inadvertence or surprise. Rather, she alleges it was based on her mistake and excusable neglect. Supposedly, her mistake and excusable neglect come from the fact that once the court set the order to show cause on the request for default judgment—after her default had already been entered—Dodge thought "her only obligation was to appear at that hearing" and provide the court with her explanation of her case. When the court continued the hearing, Dodge says she continued her belief that she need only appear and explain. We reject this argument.

4

Although "'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default'" (*Rappleyea v. Campbell* (1994) 8 Cal.4th at 975, 980) because the law favors matters being tried on their merits (*New Alberstons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1408), there are no such doubts in this matter. In *Rappleyea*, the out-of-state propria persona defendants filed their answer to the complaint within the statutory period, but based on information provided by the clerk's office, the filing fee they mailed with their answer was insufficient. When they received their answer back in the mail with notice of the increased fee, the defendants promptly sent the answer back to the clerk together with the correct filing fee. (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 978.) Their answer was late by eight days. Unfortunately for them, the plaintiff applied for and obtained their default on the first possible day. Additionally, when the defendants communicated with plaintiff's attorney, counsel wrote to them and misrepresented section 473, informing them that they could *not* claim the default was obtained as the result of inadvertence, mistake, or excusable neglect. (*Id*. at p. 979.)

Here, on the other hand, the default entered on the first amended complaint was not the first time Dodge's default was entered in this case. After her default was entered for failing to respond to the original complaint, KCAI's attorney informed the Dodges he would not seek a default judgment if a responsive pleading were filed within two days. Dodge did not file a response to that complaint either.

Dodge claimed she believed that so long as she worked with KCAI's attorneys she did not have to file a response. Other evidence in the record undermined the contention. After their default had already been entered on the original complaint, Lawrence Dodge e-mailed a KCAI attorney regarding the Dodges' belief that all that was required of them was to cooperate with KCAI's attorneys. The attorney responded that the belief was unwarranted and he would grant the Dodges a two-day extension to file a responsive pleading. Additionally, the Dodges did not retain counsel until *after* the

second default had been entered in this matter. By that time Dodge had to have known any such belief was erroneous. What is more, she provided no explanation as to how it was she concluded that as a defendant in a lawsuit she was not required to file a responsive pleading notwithstanding the statement on the summons to the effect that she had to file a responsive pleading within 30 days of having been served with the amended complaint. Although she claimed she got the impression from one of KCAI's attorneys, she did not say what was said to her to create that impression.

While an "honest and reasonable mistake of law" may well justify relief from default where "complex and debatable" legal issues are involved (*City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 345), Dodge's obligation to file a responsive pleading to the complaint is not a complex or debatable legal issue, whether Dodge had legal training or not. Propria persona litigants are held to the same standards as those litigants represented by counsel. (*Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1527.) Were the rule otherwise, procedural law would "soon fragment into a kaleidoscope of shifting rules." (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 979.)

Lastly, while courts appreciate civility, we must reject Dodge's contention that KCAI's attorneys should have informed her KCAI would seek a default on its first amended complaint. Counsel is under no *legal* obligation to do so. (*Bellm v. Bellia* (1984) 150 Cal.App.3d 1036, 1038.) "By taking a default without giving notice, [KCAI] took the risk that the trial court would grant relief from the default [citation], but the failure to notify did not *require* the court to grant relief." (*Ibid.*)

Dodge has failed to demonstrate the default judgment should have been set aside. Accordingly, we conclude the trial court did not abuse its discretion.

### III

### DISPOSITION

The judgment is affirmed.  KCAI shall recover its costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.